781

## THE SILVER PALM.

### SILVER LINE, Limited, v. UNITED STATES et al.

### No. 7572.

Circuit Court of Appeals, Ninth Circuit.

Oct. 28, 1937.

Lillick, Olson, Levy & Geary, Ira S. Lillick, Joseph J. Geary, and Allan E. Charles, all of San Francisco, Cal., for appellant.

H. H. McPike, U. S. Atty., and Esther B. Phillips, Asst. U. S. Atty., both of San Francisco, Cal., for appellees.

Before WILBUR, GARRECHT, and DENMAN, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from an order of the District Court entered in limitation of liability proceedings initiated by the Silver Line, Limited, owner and operator of the British motorship Silver Palm, which was in collision with the United States Cruiser Chicago off the California coast on October 24, 1933.

For the facts of the case we refer to our previous opinion in this case [79 F.(2d) 598], and to the opinion in the appeal affirming the decree denying limitation. (C. C.A.) 94 F.(2d) 776.

Upon the appellant's filing a petition for limitation of liability, all independent suits against the Silver Line were stayed. Subsequently the injunction was modified to permit the administrators of three deceased naval officers killed in the collision to proceed for wrongful death in suits "in personam at law" or in admiralty, regardless of the pendency of limitation proceedings. This appeal is from that order.

At the previous argument of this appeal the United States urged that the law of Great Britain gave a right of full recovery free from limitation of liability to the administrators of seamen killed by the negligence of a vessel on the high seas. It argued that, such being the case, the present controversy was governed by 46 U.S.C.A. § 764, which provides: "Whenever a right of action is granted by the law of any foreign State on account of death by wrongful act, neglect, or default occurring upon the high seas, such right may be maintained in an appropriate action in admiralty in the courts of the United States *without abatement in respect to the amount for which recovery is authorized, any statute of the United States to the contrary notwithstanding.*" (Italics supplied.)

We pointed out in the previous opinion [79 F.(2d) 598, 600] that the modification of the injunction against independent suits did not specify whether the administrators should or should not proceed on the basis of the British law; and that, although the statute quoted permits separate suits in admiralty, the District Court permitted suits at law. We also pointed out that there was no proof of the laws of Great Britian. Such facts are not proved by briefing of authorities not stipulated to be facts.

We ordered the filing of further briefs on the issues of whether the claimed right of action was a right granted by British law and whether or not they were entitled to be prosecuted independently of the limitation proceedings, and suggested a stipulation on the British law.

The petition for limitation of liability was finally denied by the District Court and its denial affirmed by this court in Silver Line v. United States, 94 F.(2d) 776, this day decided, this court dissolving the injunction against separate proceedings and holding that all the claimants could pursue their claims in the limitation proceeding or in separate litigation, as they may be advised. Consequently, the claimants may

so proceed, and the issue on this appeal respecting the modification of the injunction has become moot.

The appeal is therefore dismissed.