GULF OIL CORPORATION v. THE
SOCONY NO. 16 et al.

THE SUSQUEHANNA.

THE ROWEN CARD.

No. 247, Docket 20570.

Circuit Court of Appeals, Second Circuit.

July 1, 1947.

Before L. HAND, CHASE and CLARK, Circuit Judges.

John W. Knox, of New York City, for claimant-appellant.

Foley & Martin, of New York City (Christopher E. Heckman, of New York City, of counsel), for Tug Rowen Card and libellant.

CHASE, Circuit Judge.

The libellant's barge Susquehanna, then being towed by the tug Rowen Card, was struck and damaged by the appellant's tug Socony No. 16 in the Arthur Kill early in the morning of December 14, 1945. The libellant sued the owner of the Socony No. 16 in the District Court for the Eastern District of New York and the latter impleaded the owner of the Rowen Card. From an interlocutory decree holding the Socony No. 16 solely at fault for the collision, that tug's owner has appealed.

The facts were found by the trial judge on the substantial evidence to support the findings, we accept them. They show that the Card left Gulfport, Staten Island about one o'clock in the morning with the Susquehanna in tow on her port side. She was bound for Bayway, New Jersey, about one-half mile away, and because the trip was so short the tug's master did not bother to station a lookout on the barge. The Susquehanna was light and out of the water by about twenty-one feet. She overlapped the Card's bow by about one hundred and sixty feet and so restricted the vision of the Card's master that he could see neither directly ahead nor to port. The tide was running on the flood at about one knot; there was no wind of consequence and occasional snow flurries cut down the visibility somewhat. The Card crossed the channel immediately and, turning south, went along close to the Jersey shore until she was about two hundred feet north of the entrance to piers A and B at Bayway. Here she stopped and blew a signal, one long and one short blast, to the dock master, holding her position

870

against the tide with her engines while awaiting instructions as to her berth. She was holding at an angle of about twenty-five degrees to the shore and about fifty feet off the end of Pier A when the Susquehanna was struck first on the port bow and then on the port stern by the Socony No. 16 and she passed close aboard.

The latter had just previously been running northeasterly in the Kills on the wrong side of the narrow channel at about seven miles per hour. She had an oil barge in tow stern first on her starboard side and her lookout was found to have lacked diligence. As she approached the Card, and when the two flotillas were in close quarters, she blew a one blast signal which the Card answered with one just before the collision. Both flotillas carried the regulation lights but neither saw the other until the Socony saw the Card just before the signals were exchanged.

The fault of the Socony No. 16 is conceded and the sole issue is whether the Card should be held for half damages. We think she was also at fault for navigating under the above circumstances without a lookout though her navigation at the time of the collision was only to the extent of holding her position against the tide. Her failure to have a lookout on the barge was a statutory fault for which she must be held unless it is clear that this failure neither did, nor could have, contributed to cause the collision. The Pennsylvania, 19 Wall. 125, 22 L.Ed. 148; National Motorship Corporation v. Pennsylvania Railroad Company, 2 Cir., 160 F.2d 510. This was, of course, a case of special circumstances where the ordinary sailing rules do not apply, but whatever signals were needed to safeguard navigation were, nevertheless, required. The Transfer No. 18, 2 Cir., 74 F.2d 256. Had the Card, instead of lying there blind, stationed a competent lookout on the Susquehanna it is reasonable to believe that the Socony No. 16 would have been seen sufficiently far away so that a timely signal could have been given and the collision avoided. Tugs which undertake to navigate in busy waters and elect to do that without the aid of a lookout should remember that we have again and

again held that they must entirely absolve themselves from blame if accidents occur. Martin Marine Transportation Co. v. Jakobson & Peterson, Inc., 2 Cir., 135 F.2d 325; The Madison, 2 Cir., 250 F. 850.