## EYMARD

v.

## THE BONNIE RUTH et al.
### Admr. No. 2163.

United States District Court,
E. D. Louisiana, New Orleans Division.
March 24, 1954.

Deutsch, Kerrigan & Stiles, New Orleans, La., for libellant.

May & Carrere, New Orleans, La., for respondent.

CHRISTENBERRY, Chief Judge.

The above entitled cause having come on for hearing on the pleadings and proof of the respective parties, and having been argued by respective counsel, the Court being fully informed in the premises, after due deliberation makes the following findings of fact and conclusions of law:

### Findings of Fact.

I. On November 4, 1951, at approximately 1:00 a. m., the Trawler New Ironside departed Cut Off, Louisiana, bound west for South West Pass, via the Gulf Intracoastal Waterway, and shrimping grounds in the Gulf of Mexico.

II. The New Ironside was a small wooden trawler engaged in the shrimp fishing industry; had a length of 43 feet, beam of 12 feet, and draft of 2½ feet; was powered with one 60 horsepower Caterpillar diesel engine which was controlled from her pilot house; and was manned by a master and one deckhand.

III. In the vicinity of mile 55½ (west of Harvey, Louisiana), the New Ironside encountered heavy fog, and she lay to the north bank of the Gulf Intracoastal Waterway until the fog lifted shortly before 5:30 a. m. that same morning.

IV. The Gulf Intracoastal Waterway between miles 55½ and 56 is about 200 feet wide from bank to bank, and proceeding westerly, bends gradually to the left from and after a point slightly west of mile 56.

V. At approximately 5:25 a. m. that same morning, the fog lifted appreciably and the New Ironside got underway again and proceeded, about 50 feet from and parallel to the north bank of the waterway, at quarter speed or two miles per hour.

VI. When the New Ironside got underway from mile 55½, her navigation lights, consisting of red and green side lights, masthead light and stern light were burning brightly.

VII. As the New Ironside approached mile 56, her master sighted a steel deck barge, which was being pushed at about two miles per hour by a tug that later proved to be the Bonnie Ruth, emerging from a heavy fog bank that had just set in 50 feet ahead. The Bonnie Ruth was in the heavy fog bank at that time and was not visible. There was no lookout stationed on the barge.

VIII. The barge, when sighted by the New Ironside, was proceeding in an easterly direction, on the north side of the waterway at approximately two miles per hour. She was approximately 130 feet in length and had a beam of 30 to 35 feet.

IX. Immediately upon sighting the barge, the New Ironside put her rudder hard right, and a few seconds later put her engine full speed astern when it was apparent that a port-to-port passing could not be carried out.

X. At approximately 5:30 a. m., the forward port corner of the barge struck the port bow of the New Ironside two feet abaft her stem. The collision occurred about forty-five feet from the north bank of the waterway at about mile 56.

XI. Those aboard the Bonnie Ruth did not see the New Ironside until after collision.

XII. Neither the Bonnie Ruth nor the New Ironside were blowing fog signals nor did they exchange passing signals before the collision.

XIII. The New Ironside sustained extensive damage to her bow stem, side and deck planking, frames, beams and was eventually beached in a sinking condition. The barge in tow of the Bonnie Ruth was not damaged.

### Conclusions of Law

I. This Court has jurisdiction over the subject matter of this action, and venue is properly laid in the Eastern District of Louisiana. 28 U.S.C. § 1333.

II. The Tug Bonnie Ruth and her tow were negligent in proceeding at an excessive rate of speed of two miles per hour when visibility was limited to less than one hundred feet by fog, being unable to stop in half the visible distance. Pilot Rules For Inland Waters, Article 16, 33 U.S.C.A. § 92; The Umbria, 1897, 166 U.S. 404, 417, 17 S.Ct. 610, 41 L.Ed. 1053; The Silverpalm (The Chicago), 9 Cir., 94 F.2d 754, 757, 1937 A.M.C. 1427, 1433; The Earnest H. Meyer (The Eureka), 9 Cir., 84 F.2d 496, 1936 A.M.C. 1179, 1180; The Manchioneal, 2 Cir., 1917, 243 F. 801, 805.

III. The Tug Bonnie Ruth was negligent in failing to station a lookout at the bow of the tow, one hundred and thirty feet in length, that she was pushing ahead in a fog that reduced visibility to less than one hundred feet. Pilot Rules for Inland Waters, Article 29, 33 U.S.C.A. § 221; Gulf Oil Co. v. Socony, No. 16, 2 Cir., 162 F.2d 869, 870, 1947 A.M.C. 1031, 1032; DickTowing Co. v. The Leo, D.C.S.D.Tex., 1951, 98 F.Supp. 455, 457.

IV. The Tug Bonnie Ruth and her tow were negligent in failing to keep to their right hand side of the narrow channel in a fog that reduced visibility to less than one hundred feet. Pilot Rules for Inland Waters, Art. 25, 33 U.S.C.A. § 110; Southern Pac. Co. v. U. S. (The El Sol) 2 Cir., 72 F.2d 212, 1934 A.M.C. 1185, 1188; The Texas, 3 Cir., 1915, 226 F. 897, 904; The George F. Randolph, D.C.S.D.N.Y., 1912, 200 F. 96, 97; The Yarmouth, D.C.Mass.1900, 100 F. 667, 668.

V. The Tug Bonnie Ruth was negligent in failing to sound fog signals on her whistle while proceeding in a fog that reduced visibility to less than one hundred feet. Pilot Rules for Inland Waters, Article 15(e), 33 U.S.C.A. § 91; The Domira, 2 Cir., 1932, 56 F.2d 585, 588, 1932 A.M.C. 451, 456; The Princeton, 2 Cir., 1895, 67 F. 557, 559; The Isabela, D.C.S.D.N.Y., 1924, 1 F.2d 399,

400, 1924 A.M.C. 1020; Adams v. United States, D.C.Mass.1921, 272 F. 780, 781.

VI. Vessels approaching each other in fog should not exchange passing signals until each vessel is visible to the other. Managua Nav. Co. v. Aktieselskabet Borgestad, 5 Cir., 7 F.2d 990, 993, 1925 A.M.C. 1479, 1482; The Amagansett, 2 Cir., 1915, 220 F. 827, 831; The Parthian, 1 Cir., 1893, 55 F. 426, 432.

VII. The failure of the New Ironside to sound fog signals on her whistle was, under the circumstances a minor fault which contributed so little to the collision that it is not entitled to consideration. The Great Republic, 1874, 23 Wall. 20, 90 U.S. 20, 35, 23 L. Ed. 55; The Lord O'Neill, 4 Cir., 1895, 66 F. 77, 79.

VIII. Under the circumstances, the Tug Bonnie Ruth was solely at fault, and libelant is entitled to a decree for his damages in amount of three thousand four hundred twenty-six and 25/100 ($3,426.25) dollars with interest from the date of collision, and costs.

Judgment may be entered accordingly.